Circuit Court of Appeals, First Circuit.
Nov. 10, 1934.

## CAHN v. ÆTNA LIFE INS. CO.
### No. 5254.

Circuit Court of Appeals, Seventh Circuit.
Nov. 9, 1934.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

Arthur B. Schaffner, of Chicago, Ill., for appellant.

Don Kenneth Jones, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from a judgment rendered upon a directed verdict for appellee in an action brought upon an Illinois life insurance policy for $30,000 issued by appellee, bearing date of January 17, 1930.

Paragraph 14 of the policy provides:

"If the insured shall commit suicide within two years from the date hereof, while sane or insane, the Company will be liable only for an amount equal to the premiums paid in cash hereunder."

The insured committed suicide January 12, 1932.

To appellant's declaration appellee pleaded the general issue and gave notice of reliance on special matter of defense that the insured committed suicide within two years from the date of the policy; and tendered $3,653.40 as the premiums which the deceased had paid under the policy.

Attached to the policy, and made a part of it by its incontestability clause, is insured's application for the policy, which purports to have been signed by insured December 31, 1929. Part 2 of the application is the report of the medical examination of insured, signed by him and bearing date December 13, 1929.

Appellant contends that the date of the application rather than the date which the policy bears is the date from which the operation of the suicide clause must be reckoned; and that whether this be December 13 or December 31, 1929, it was more than two years prior to the death, and that the suicide clause therefore has no application.

This contention is not well grounded. It was competent for the parties to stipulate that the policy should in no event become payable in case the insured committed suicide, subject, of course, to the operation of the two-year incontestability clause of the policy. They might properly have stipulated a suicide clause for any period of time within the incontestability period—days, months, or years. They saw fit to stipulate a period of "two years from the date hereof." If the word "hereof" does not have reference to the policy itself of which the clause that employs it is a part, it has reference to nothing at all.

While the application is made a part of the contract, it does not become a part of it until the contract is actually made. A contract may refer to various instruments which antedate the contract itself, and make them a part of the contract; but whatever their date they are not a part of any contract until the contract is actually entered into; and this, in the absence of facts and circumstances indicating otherwise, is the date the contract bears.

There are instances where contracts of insurance become binding at a time prior to the actual making and dating of the policy by reason of specific undertakings to that effect (as indicated by cases cited by appellant); but such circumstances and adjudications thereon are not influential here, where there is no pretense that any contract of insurance came into existence before the date borne by the policy, or that the policy was intended to be effective at some time prior to its date.

In State Mutual Life Assurance Co. v. Stapp et al., 72 F. (2d) 142, we had occasion to pass upon a very similar situation, involving suicide clauses in all essential respects like that here. There the insured committed suicide a short time after two years following the date of the policies. The contracts provided that the insurance should not be in force until the first premium had been paid. This premium was paid some time after the policy dates, and the company made the contention that the two-year period of the suicide clauses did not begin to run until the insurance became effective by payment of the first premium, a contention which, if prevailing, would have brought the date of suicide within the two years specified in the clauses.

We held that the period of the effectiveness of the suicide clauses began at the time which the parties specified in the policies, viz., the dates which those instruments bore; and that the period having terminated at the time of the suicide, the suicide clauses of the policies afforded no defense to the actions.

We can see no reason why a different rule should be here applied. The record discloses nothing which would warrant a dating back of the beginning time of the two-year period, or fixing any other date for its commencement than that definitely stipulated in the policy itself, which is "the date hereof."

No error appearing, the judgment is affirmed.